1  STEVEN R. PINGEL (State Bar No. 52710)
   Law Offices of Steven R. Pingel
2  444 W. Ocean Blvd., Suite 400
   Long Beach, CA 90802
3  Telephone:   562/432-0302
   Facsimile:    866/734-3220
4
   THOMAS E. FRANKOVICH (State Bar No. 074414)
5  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
6  2806 Van Ness Avenue
   San Francisco, CA 94109
7  Telephone:   415/674-8600
   Facsimile:    415/674-9900
8
   Attorneys for Plaintiffs
9  BRIE MCCREADY; JACKIE SCHACTER;
   DAMON MENDEZ; and
10 ELEANOR FONTANILLA

11

12

13                  UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15 | BRIE MCCREADY; JACKIE SCHACTER; ) | **CASE NO. C05-5247 SBA**
   | DAMON MENDEZ; and ELEANOR       ) | **Civil Rights**
16 | FONTANILLA,                     ) |
   |                                 ) | **CLASS ACTION COMPLAINT FOR**
17 |      Plaintiffs,                ) | **INJUNCTIVE RELIEF AND DAMAGES:**
   |                                 ) |
18 | v.                              ) | **1st CAUSE OF ACTION:** For Common Law
   |                                 ) | Affirmative Concealment
19 | AMERICAN HONDA MOTOR CO., INC., ) |
   |                                 ) | **2nd CAUSE OF ACTION:** For Violation of
20 |      Defendant.                 ) | Business and Profession Code §17200
   |                                 ) |
21 |_____) | **3rd CAUSE OF ACTION:** For Violation of
                                        B&P Code §17500
22
                                        **4th CAUSE OF ACTION:** For Willful Deceit
23                                      With The Intent To Induce a Party To Alter His
                                        Decision To His Detriment In Violation of
24                                      Civil Codes §1709, 1710 and 1711

25                                      **5th CAUSE OF ACTION:** For Violation of
                                        Civil Code §1770
26

27

28                                      **DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                        1

Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA, individually and on behalf of all others similarly situated, (hereinafter referred to as class members), complain of defendant AMERICAN HONDA MOTOR CO., INC. and allege as follows:

**INTRODUCTION:**

1. This is a class action brought by representatives of class members on behalf of all persons who purchased/leased new Honda motor vehicles (including Acura motor vehicles also designed, manufactured and marketed by defendant AMERICAN HONDA MOTOR CO., INC.) from 1986 to the present represented by defendant to have been designed and manufactured with a rear double wishbone suspension system when in fact such suspension did not exist. Said misrepresentations were an inducement for class members to purchase/lease Honda designed and manufactured vehicles. Plaintiffs seek injunctive relief and damages pursuant to B&P Code §17200, 17500 et seq. and pursuant to Civil Code §1709, 1710, 1711 and 1770.

**JURISDICTION AND VENUE:**

2. **Jurisdiction:** This Court has jurisdiction of this action pursuant to FRCP 23 and 28 United States Code §1711. Further, plaintiffs damage claim is in excess of 5 million dollars.

3. **Venue:** Venue is proper in this court and is founded on the facts that defendant AMERICAN HONDA MOTOR CO., INC.'s principal place of business is located in the City of Torrance, County of Los Angeles, State of California, and that plaintiffs' causes of action arose in this district in that plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA purchased, negotiated for, leased their respective vehicles from Honda authorized dealerships in the following cities and counties of California:

    Brie McCready - Santa Rosa, Sonoma County

    Jackie Schacter - Del Rey Beach, Palm Beach County
    (negotiated in Mill Valley, Marin County)

    Damon Mendez - San Francisco, San Francisco County

    Eleanor Fontanilla - Fremont, Alameda County

**PARTIES:**

4.  Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and plaintiff class members are those consumers, who between 1986 and the present, purchased/leased Honda designed, manufactured and marketed vehicles represented by defendant to have a rear double wishbone suspension system, when, in fact, such a rear suspension system did not exist. Consequentially, plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and plaintiff class members are members of that portion of the public whose rights are protected by the provisions of B&P Codes §17200, 17500 et seq. and pursuant to Civil Code §1709, 1710, 1711 and 1770.

5.  Defendant AMERICAN HONDA MOTOR CO., INC. (hereinafter alternatively and collectively referred to as "defendant") is a California corporation or a division of a California corporation licensed to do business in California. Defendant AMERICAN HONDA MOTOR CO., INC. is located and operates its business at or near 1919 Torrance Blvd., Torrance, California. Its agent for service is CT Corporation 818 W. Seventh St., Los Angeles, California. It has dealerships throughout California and many located within the venue of the United States District Court, Northern District of California. Defendant is subject to California state law prohibiting false and deceptive business practices and procedures including but not limited to those set forth in B&P Codes §17200, 17500 et seq. and pursuant to Civil Code §1709, 1710, 1711 and 1770, and to all other legal requirements referred to in this complaint.

**PRELIMINARY FACTUAL ALLEGATIONS:**

6.  At all times relevant to this complaint, defendant designed and manufactured and caused to be advertised Honda and Acura vehicles. Defendant utilized multi-media forms to misrepresent the existence of a rear double wishbone suspension system on the subject Honda/Acura manufactured vehicles.

7.  Plaintiffs do not know the true names of defendant AMERICAN HONDA MOTOR CO., INC., its business capacities, nor its relative responsibilities in causing the violations herein complained of and allege a joint venture and common enterprise by such defendant and other unidentified persons and entities. Plaintiffs are informed and believe that

the defendant herein is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other unidentified and potential defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other unidentified and potential defendants, and is responsible in some manner for the acts and omissions of the other unidentified persons and entities in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other, as herein described. Plaintiffs will seek leave to amend when the true names, capacities, connections and responsibilities of defendant AMERICAN HONDA MOTOR CO., INC. and other persons and entities are ascertained.

   8. Defendant AMERICAN HONDA MOTOR CO., INC. engaged in unfair, fraudulent, deceptive business practices, representing, but not limited to the following Honda designed and manufactured vehicles, to have a rear double wishbone suspension system:

- 1986-2006 Honda Accord/Accord Coupe/Accord Hybrid
- 1988-2006 Honda Civic/CRX/Del Sol/Civic Hybrid
- 1997-2006 Honda CR-V SUV
- 2003-2006 Honda Element SUV
- 1995-2006 Honda Odyssey Mini-Van
- 1990-2006 Acura Integra/RSX
- 1992-1995 Acura Vigor
- 1987-2004 Acura Legend Coupe/CL
- 1990-2006 Acura Legend Sedan/TL
- 2004-2006 Acura TLX
- 1998-2004 Acura RL

9. The above referenced vehicles will hereinafter be referenced to as the "subject Honda/Acura vehicles" and include any vehicles manufactured by defendant after the filing of this complaint which do not have as advertised and represented the rear double wishbone suspension system.

10. The subject Honda/Acura vehicles, in fact, did not have a rear double wishbone suspension system.

11. At all times stated herein, a double wishbone suspension system is defined as follows:

> "A suspension designed borrowed from Formula One race cars that uses two wishbone-shaped, hinged control arms to guide each wheel's up-and-down motion. The wishbone type of control arm, also known as an A-arm, gets both of these names from its shape as viewed from above in a vehicle's suspension...The double-wishbone design obviously uses two A-arms per wheel - one high and one low."
> (Source: Cars.com)

12. Said double wishbone suspension is defined in Exhibit "A" and illustrated in Exhibits "B" & "C" and are attached hereto and incorporated by reference as though fully set forth herein.

13. That while some of the subject Honda/Acura vehicles had "front" double wishbone suspension systems, none had (as advertised and represented throughout California and the United States) a "rear" double wishbone suspension system. This representation and claim was consistently made from 1986 to the present. The first misrepresentation by defendant occurred in July 1986 when defendant, in part, represented in printed material the Accord LXI to be "the first front-wheel drive car to use double wishbone suspension on all four wheels, to improve both handling and ride". Attached as Exhibit "D" and incorporated by reference as though fully set forth herein is a copy of defendant's ad for the Accord LXI which, in substance, has been used from 1986 to the present.

14. That at all times stated herein from 1986 to the present, plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; ELEANOR FONTANILLA, and

class members purchased and/or leased the subject Honda/Acura vehicles, based in part, that said subject Honda/Acura vehicles in fact, had rear double wishbone suspension systems.

15. At all times stated herein, defendant, through media forms, represented the subject Honda/Acura vehicles to have "rear" double wishbone suspension systems.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs bring this action individually and as a class action on behalf of the following class: All those consumers who purchased/leased new subject Honda/Acura vehicle models from 1986 to the present which were advertised to have a rear double wishbone suspension system when in fact such suspension system do not exist.

17. Plaintiffs' claims are typical of the claims of the class because plaintiffs and all the class members were harmed by defendant's misrepresentation of the existence of a "rear" double wishbone suspension system on the subject Honda/Acura vehicles and were induced to purchase/lease said vehicles in part based upon this false representation.

18. Plaintiffs are representative parties who will fully and adequately protect the interests of the class members. They have retained counsel who are competent in class actions. Plaintiffs have no interests which are contrary to or in conflict with those of the class they seek to represent.

19. The number of class members is believed to exceed thirteen million four hundred thousand (15,000,000) consumers, which makes it impracticable to bring all members of the class individually before the court, and the identities of the members of the class are determinable from the records of defendant, as sales agreements were entered into and service records are kept identifying owners and their vehicles.

20. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even if any class member could afford individual litigation against a large corporation like AMERICAN HONDA MOTOR CO., INC., it would be unduly burdensome to the court system. Individual litigation magnifies the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and affords the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single

court. Concentrating this litigation in one forum will promote judicial consistency. Notice of the pendency and any resolution of this action can be provided to class members by mail, print, broadcast, internet and/or multimedia publication.

21. This type of case is uniquely well suited for class treatment since defendant AMERICAN HONDA MOTOR CO., INC.'s practices are uniform and consistent and the burden is on the defendant to prove otherwise.

22. Many issues of law or fact are common and they predominate over any individual questions. These common issues include:

    a. Whether in fact defendant represented to the consuming public that the subject Honda/Acura vehicles were manufactured and sold with a rear double wishbone suspension system;

    b. Whether in fact any of the subject Honda/Acura vehicles designed manufactured, marketed and advertised by the defendant had a rear double wishbone suspension system;

    c. The method of calculating damages is the same for each and every vehicle;

    d. Whether the conduct (unfair, fraudulent and deceptive business practices of defendant constitutes unfair competition and violations of B&P Codes §17200, 17500 et seq. and violations pursuant to Civil Code §1709, 1710, 1711 and 1770;

    e. Whether the conduct and business practices of defendant constitute unfair, fraudulent and deceptive practices;

    f. Whether defendant's conduct constitutes inducement and dissemination by misrepresentation in violation of B&P Code §17500;

    g. Whether defendant's conduct in making representations relative to an alleged "rear double wishbone suspension system" constitutes affirmative concealment;

    h. Whether plaintiffs and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

1      i.    Whether plaintiffs and class members are entitled to injunctive relief prohibiting defendant from representing the existence of "rear double wishbone suspension system" in the subject Honda/Acura vehicles and future Honda/Acura vehicles

      j.    Whether plaintiffs and class members are entitled to restitution;

      k.    Whether plaintiffs and class members are entitled to damages;

      l.    Whether defendant is liable for pre-judgement interest;

      m.    Whether defendant is liable for attorney's fees and costs, and;

      n.    Whether plaintiffs are entitled to seek punitive damages.

## GENERAL ALLEGATIONS
## AS TO CLASS REPRESENTATIVES

23.    During the class period, the named plaintiffs purchased/leased the subject Honda or Acura vehicles based in part by the inducement of defendant who represented the subject vehicles to have a rear double wishbone suspension system, which in fact did not exist.

24.    During the class period, plaintiffs purchased/leased the following Honda/Acura vehicles:

- Brie McCready - 2000 Civic S.I.
- Jackie Schacter - 2002 Acura T.L.
- Damon Mendez - 2000 Honda Civic S.I.
- Eleanor Fontanilla - 1998 Honda Civic

**I.    FIRST CAUSE OF ACTION FOR COMMON LAW AFFIRMATIVE CONCEALMENT**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

25.    Plaintiffs replead and incorporate by reference as fully set forth again herein, the allegations contained in paragraphs 1 through 24 of this complaint.

26.    At all times stated herein, defendant concealed or suppressed material facts relative to the alleged rear double wishbone suspension from "Honda" and "Acura" new car buyers, leasees and the general auto buying public. Defendant's intent in doing this was to sell

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    8

or lease the subject vehicles to "new" buyers. Defendant "hyped", in 19 years of multi media advertising, including but not limited to newspaper advertising, magazine advertising, radio and television advertising and promotional articles, that all subject Honda/Acura vehicles built between 1986 to the present had rear double wishbone suspension and as a result, new buyers and leasees would have the benefit of better vehicle handling, ride and safety. By making said fallacious representations, defendant conveyed to plaintiffs and the subject class members that there would be a greater demand for the subject Honda/Acura vehicles when resold, in essence creating a "higher" resale value. However, once new subject Honda/Acura vehicles were sold and leased, no mention was made to the plaintiffs or consumers that the rear double wishbone suspension did not exist. Defendant had already "hooked" plaintiffs and this class of unknowing vehicle buyers and leasees who were now caught up in the excitement/happiness of having purchased/leased allegedly one of the world's finest and most reliable vehicles.

27. Defendant, knowing that there was no rear double wishbone suspension for the subject Honda/Acura vehicles between 1986 and the present, had a duty to disclose these facts not only to plaintiffs and to class members but to the public in general. Defendant had a duty to disclose that there was no rear double wishbone suspension because of the contractual relationship defendant had with those class members who purchased/leased new Honda/Acura vehicles. The duty of disclosure by defendant also arose because defendant was in violation and or subject to claims for damages pursuant to state statutes, including but not limited to B&P Codes §17200 and 17500, and Civil Codes §1709, 1710, 1711 and 1761.

**II. SECOND CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND PROFESSION CODE §17200**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

28. Plaintiffs replead and incorporate by reference as fully set forth again herein, the allegations contained in paragraphs 1 through 27 of this complaint.

29. The pattern and practice of misrepresentations of the suspension system of the subject Honda/Acura vehicles and utilization of mass media to represent to the general consuming public and the class of persons affected herein that all subject Honda/Acura vehicles

had rear double wishbone suspension systems was an unlawful, unfair and fraudulent business act and practice. The representations of the non-existent rear double wishbone suspension system was not only unfair, deceptive, untrue and misleading to plaintiff class, but also was designed to give defendant an unfair advantage over their competitors. Said acts and practices were in violation of B&P section 17200; to wit:

> ...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

### III. THIRD CAUSE OF ACTION FOR VIOLATION OF B&P CODE §17500
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

30. Plaintiffs replead and incorporate by reference as fully set forth again herein, the allegations contained in paragraphs 1 through 29 of this complaint.

31. Defendant, and by and through its employees, agents, representatives and ad agencies intended directly or indirectly to represent to the general consuming public and plaintiff class members as herein stated, that the subject Honda/Acura vehicle were designed and manufactured with a rear double wishbone suspension system. The intent was to induce said consumers in the state of California and throughout the United States to purchase/lease said Honda/Acura vehicles. The inducement was accomplished by use of mass and multi media (including but not limited to newspapers, specialty auto magazines, television, internet, web sites and other advertising devices) to misrepresent the subject rear double wishbone suspension system.

32. Defendant by and through its employees, agents, representatives and ad agencies, knew or by the exercise of reasonable care should have known that the rear double wishbone suspension system did not in fact exist on the subject Honda/Acura vehicles. As such, defendant disseminated information which was untrue and misleading. Said acts were part of a plan and scheme to sell/lease the subject vehicles without the advertised subject rear suspension system.

///

33.  Such acts of inducement and dissemination by misrepresenting the existence of the rear double wishbone suspension system, as stated herein, were in violation of B&P Code §17500, to wit:

> ...it is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise o reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise so advertised at the price stated therein, or as so advertised.

**IV.   FOURTH CAUSE OF ACTION FOR WILLFUL DECEIT WITH THE INTENT TO INDUCE A PARTY TO ALTER HIS POSITION TO HIS DETRIMENT IN VIOLATION OF CIVIL CODES §1709, 1710 and 1711**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

34.  Plaintiffs replead and incorporate by reference as fully set forth again herein, the allegations contained in paragraphs 1 through 33 of this complaint.

35.  The acts and practices of the defendant, as stated herein, constitute deceit with the intention to induce the consuming public, plaintiffs and subject class members to alter their position to their injury (detriment) or risk by purchasing/leasing the subject Honda/Acura vehicles, based in part on the misrepresentation of the rear double wishbone suspension system in violation of Civil Codes §1709 and 1710 to wit:

> ...one who willingly deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers.

> ...A deceit, within the meaning of the last section, is either:  1.  The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; 2. The assertion, as a fact, of that which

is not true, by one who has no reasonable ground for believing it to be true; 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or, 4. A promise, made without any intention of performing it.

36. Further, defendant, in practicing the acts of deceit with the intent to defraud the public, plaintiffs and class members purchasing the subject Honda/Accord vehicles, as stated herein, is deemed to have intended to defraud every individual in the subject class of plaintiffs, to wit:

> ...one who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually mislead by the deceit.
> (C.C. §1711)

## V. FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §1770
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

37. Plaintiffs replead and incorporate by reference as fully set forth again herein, the allegations contained in paragraphs 1 through 36 of this complaint.

38. Defendant's acts, practices and procedures as stated herein, constituted unfair methods of competition and unfair or deceptive acts or practices intended to result in the sale/lease of the subject Honda/Acura vehicles to the consuming public, plaintiffs and subject class members by representing superb handling, ride and safety characteristics (which in fact do not exist) in the alleged rear double wishbone suspension system; that such a rear double wishbone suspension system was of a superior standard, quality and grade of suspension compared to other manufacturers of vehicles in the same class of the subject Honda/Acura vehicles; that there was no intent by defendant to sell/lease the subject Honda/Acura vehicles as advertised with the subject rear double wishbone suspension system. Said acts and practices are in violation of Civil Code §1770, to wit:

> a.) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> 5. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits,

or quantities which they do not have,

       7.   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another, and

      9.  Advertising goods or services with intent not to sell them as advertised.

**PRAYERS:**

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR COMMON LAW AFFIRMATIVE CONCEALMENT**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

39.    For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO., INC. to cease and desist from representing any Honda/Acura vehicle to have a rear double wishbone suspension system when, in fact, said system does not exist.

40.    For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO., INC. to publish national retractions for a six month period of time that the rear double wishbone suspension systems on the subject Honda/Acura vehicles do not, in fact, exist.

41.    For damages according to proof;

42.    For attorneys' fees, litigation expenses and costs of suit;

43.    For all costs of suit;

44.    Prejudgment interest pursuant to Civil Code §3291; and

45.    Such other and further relief as the court may deem just and proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND PROFESSION CODE §17200**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

46.    For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO., INC. to cease and desist from representing any Honda/Acura vehicle to have a rear double wishbone suspension system if such system does not exist.

47.    For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO., INC. to publish national retractions for a six month period of time that the rear double wishbone suspension systems on the subject Honda/Acura vehicles do not, in fact, exist.

48. For damages according to proof;

49. For attorneys' fees, litigation expenses and costs of suit;

50. For all costs of suit, and;

51. Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATION OF B&P CODE §17500**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

52. For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO., INC. to cease and desist from representing any Honda/Acura vehicle to have a rear double wishbone suspension system if such system does not exist.

53. For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO., INC. to publish national retractions for a six month period of time that the rear double wishbone suspension system on the subject Honda/Acura vehicles does not, in fact, exist.

54. For damages according to proof;

55. For attorneys' fees, litigation expenses and costs of suit;

56. For all costs of suit, and;

57. Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR WILLFUL DECEIT WITH THE INTENT TO INDUCE A PARTY TO ALTER HIS POSITION TO HIS DETRIMENT IN VIOLATION OF CIVIL CODES §1709, 1710 and 1711**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

58. For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO., INC. to cease and desist from representing any Honda/Acura vehicle to have a rear double wishbone suspension system if such system does not exist.

59. For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO., INC.; and ACURA, a division of AMERICAN HONDA to publish national retractions for a six month period of time that the rear wishbone suspension system on the subject Honda/Acura vehicles do not, in fact, exist.

60. For damages according to proof;

61. For attorneys' fees, litigation expenses and costs of suit;

62. For all costs of suit, and;

63. Such other and further relief as the court may deem just and proper.

**V.  PRAYER FOR FIFTH CAUSE OF ACTION FOR VIOLATION OF CIVIL CODE §1770**
(On behalf of Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA and Against Defendant AMERICAN HONDA MOTOR CO., INC.)

64. For injunctive relief, compelling defendant AMERICAN HONDA MOTOR CO., INC. to cease and desist from representing any Honda/Acura vehicle to have a rear double wishbone suspension system if such system does not exist.

65. For injunctive relief compelling defendant AMERICAN HONDA MOTOR CO., INC. to publish national retractions for a six month period of time that the rear wishbone suspension system on the subject Honda/Acura vehicles does not, in fact, exist.

66. For damages according to proof.

67. For attorneys' fees, litigation expenses and costs of suit;

68. For all costs of suit, and;

69. Such other and further relief as the court may deem just and proper.

Dated: December 19, 2005          STEVEN R. PINGEL

                                  *LAW OFFICES OF STEVEN R. PINGEL*


                                  By: _____/s/_____
                                           STEVEN R. PINGEL
                                  Attorneys for Plaintiffs BRIE MCCREADY; JACKIE
                                  SCHACTER; DAMON MENDEZ; and ELEANOR
                                  FONTANILLA

///

///

///

///

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 19, 2005 | THOMAS E. FRANKOVICH |
| 3 | | *A PROFESSIONAL LAW CORPORATION* |
| 4 | | |
| 5 | | By: _____/s/_____<br>THOMAS E. FRANKOVICH |
| 6 | | Attorneys for Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA |

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: December 19, 2005        STEVEN R. PINGEL

*LAW OFFICES OF STEVEN R. PINGEL*

By: _____/s/_____
STEVEN R. PINGEL
Attorneys for Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA

Dated: December 19, 2005        THOMAS E. FRANKOVICH

*A PROFESSIONAL LAW CORPORATION*

By: _____/s/_____
THOMAS E. FRANKOVICH
Attorneys for Plaintiffs BRIE MCCREADY; JACKIE SCHACTER; DAMON MENDEZ; and ELEANOR FONTANILLA