UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIE MCCREADY, et al., | No. C 05-5247 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 11] |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | |

This matter comes before the Court on Defendant American Honda Motor Co., Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint [Docket No. 11]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendant's Motion to Dismiss.

## **BACKGROUND[1]**

Defendant American Honda Motor Co., Inc. ("Defendant") is a California corporation or division of a California corporation licensed to do business in California. FAC at ¶ 5. Defendant is located in Torrance, California. *Id.* It has car dealerships throughout California. *Id.*

In July 1986, Defendant began advertising the Honda Accord LXi as "the first front-wheel drive

---

[1] The following facts are from Plaintiffs' First Amended Complaint ("FAC").

car to use a double wishbone suspension system[2] on all four wheels, to improve both handling and ride." FAC at ¶ 13, Ex. D. In particular, the advertisement indicated that the Honda Accord LXi had "rear" double wishbone suspension. FAC at Ex. D. Since 1986, Defendant has consistently indicated that certain of its Honda and Acura vehicles have rear double wishbone suspension systems.[3] FAC at ¶¶ 8, 13. In fact, while some of the vehicles have "front" double wishbone suspension systems, none of these vehicles actually has a rear double wishbone suspension system. FAC at ¶ 10. Defendant misrepresented the existence of rear double wishbone suspension on these vehicles "through multi-media advertising and other communicative forms," including newspapers, magazines, radio, television, promotional articles, and the Internet. FAC at ¶¶ 15, 31, 36.

In the fall of 1997, plaintiff Eleanor Fontanilla ("Fontanilla") purchased a 1998 Honda Civic from Autowest Honda in Fremont, California. FAC ¶ 19. On August 5, 2000, plaintiff Brie McCready ("McCready") purchased a 2000 Honda Civic from Manly Honda in Santa Rosa, California. *Id.* at ¶¶ 3, 16. On May 17, 2001, plaintiff Jackie Schacter ("Schacter") purchased a 2002 Acura TL from Delray Acura/Hundai in Del Rey Beach, California. *Id.* at ¶ 17. On or about June or July 2001, plaintiff Damon Mendez ("Mendez") purchased a 2000 Honda Civic from Larry Hopkins Honda in San Francisco, California. *Id. at* ¶ 18.

On December 19, 2005, Plaintiffs filed a class action complaint with this Court. On February 8, 2006, Plaintiffs filed a First Amended Complaint. The First Amended Complaint alleges the

---

[2]A double wishbone suspension system is defined as:

> A suspension design borrowed from Formula One race cars that uses two wishbone-shaped, hinged control arms to guide each wheel's up-and-down motion. The wishbone type of control arm, also known as an A-arm, gets both of these names from its shape as viewed from above in a vehicle's suspension . . . The double-wishbone design obviously uses two A-arms per wheel – one high and one low.

*See* FAC at ¶ 11.

[3] Specifically, the vehicles Defendant has represented to have a rear double wishbone suspension system include: the 1986-2006 Honda Accord/Accord Coupe/Accord Hybrid; the 1988-2006 Honda Civic/CRX/Del Sol/Civic Hybrid; the 1997-2006 Honda CR-V SUV; the 2003-2006 Honda Element SUV; the 1995-2006 Honda Odyssey Mini-Van; the 1990-2006 Acura Integra/RSX; the 1992-1995 Acura Vigor; the 1987-2004 Acura Legend Coupe/CL; the 1990-2006 Acura Legend Sedan/TL; the 2004-2006 Acura TLX; and the 1998-2004 Acura RL.

2

following causes of action against Defendant: (1) common law affirmative concealment; (2) unfair competition and unfair advertising, in violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200 and 17500;  (3) willful deceit with the intent to induce a party to alter his position to his detriment in violation of California Civil Codes §§ 1709, 1710, and 1711; (4) violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1770.

On March 10, 2006, Defendant filed the instant Motion to Dismiss.  Pursuant to a stipulation by the parties, and then a subsequent Order of the Court, the hearing on Defendant's Motion was continued to June 20, 2006.

## **LEGAL STANDARD**

**A.     Rule 12(b)(6)**.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994).  All reasonable inferences are to be drawn in favor of the plaintiff.  *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997). When a plaintiff attaches exhibits to the complaint, those exhibits may be considered as part of the pleadings.  *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980).

The court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."), *as amended by*, 275 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for

failure to state a claim.").

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party is the most important. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). Leave to amend is properly denied "where the amendment would be futile." *DeSoto Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.    Rule 9(b)**

Rule 9(b) provides as follows:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b). "[The Ninth Circuit] has interpreted Rule 9(b) to require that 'allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). "The pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Semegen*, 780 F.2d at 731).

## ANALYSIS

In the instant Motion to Dismiss, Defendant argues that the First Amended Complaint should be dismissed for two primary reasons: (1) Plaintiffs' claims are barred by the applicable statutes of limitations; and (2) Plaintiffs have failed to plead fraud with the requisite specificity.

4

**A.     Statutes of Limitations**

Plaintiffs do not dispute that Defendant has correctly set forth the applicable limitations period for each of Plaintiffs' claims, which is either three or four years. Indeed, it is beyond dispute that the limitations period for each claim is as follows: (1) three years for Plaintiffs' common law concealment claim; (2) four years for Plaintiffs' UCL claims; (3) either three or four years for Plaintiffs' false advertising claim; (4) three years for Plaintiffs' statutory fraud claims; and (5) three years for Plaintiffs' CLRA claim. *See Boyer v. Barrows*, 138 P. 354, 354-55 (Cal. 1914) (holding that the three-year statute of limitations set forth in California Code of Civil Procedure section 338(d) applies to common law concealment); Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued."); *Harshbarger v. Phillip Morris, Inc.*, 2003 U.S. Dist. LEXIS 25023, *17-*19 (N.D. Cal. 2003) (holding that the statute of limitations for false advertising claims is either three or four years depending on whether the claims are covered under California Code of Civil Procedure section 338(a)); *see also* Cal. Civ. Proc. Code § 338(d) (specifying a three year statute of limitations to statutory fraud); Cal. Civ. Code § 1783 (specifying a three year statute of limitations for all actions brought under California Civil Code § 1770).

Accordingly, Defendant argues that Plaintiffs' causes of action expired within three or four years of the dates that Plaintiffs purchased their vehicles,[4] or on or about: (1) the fall of 2000 or 2001 for plaintiff Fontanilla; (2) August 5, 2003 or August 5, 2004 for plaintiff McCready; (3) May 17, 2004 or May 17, 2005 for plaintiff Shacter; and (4) June or July 2004 or June or July 2005 for plaintiff Mendez. Since all of these dates precede the filing of the initial complaint by at least five months – and in some instances, as much as *five years* – Defendant contends that all of Plaintiffs' causes of action are stale and must be dismissed.

In response, Plaintiffs contend that their claims did not accrue on the date of purchase, but rather on the date that "plaintiffs discovered that their vehicles did not have rear-wheel double wishbone

---

[4]Defendants select the date of purchase as the accrual date for the claims because Plaintiffs specifically allege that the alleged misrepresentations "culminated" on the date of purchase, *see* FAC at ¶¶ 16-19, and therefore the date of purchase was when the last element essential to the cause of action occurred. *See Harshbarger v. Philip Morris, Inc.*, 2003 WL 23342396, *6 (N.D. Cal. 2003).

suspension." In advancing this argument, Plaintiffs rely on the "delayed discovery rule," which provides that a plaintiff's cause of action does not accrue until a plaintiff suspects, or should have suspected, that he has been injured. *See Kline v. Turner*, 87 Cal. App. 4th 1369, 1375 (2001). The delayed discovery rule is typically employed in instances where the defendant is in a far superior position to comprehend the act and the injury, and the injury or act causing the injury is difficult for the plaintiff to detect. *Gryczman v. Pico Partners, Ltd.*, 107 Cal. App. 4th 1, 5 (2003).

Plaintiffs' argument is unavailing. First, Plaintiffs fail to mention that the delayed discovery rule does not apply to Plaintiffs' UCL claims. *See Snapp & Assocs. Ins. Servs., Inc. v. Robertson*, 96 Cal. App. 4th 884, 891 (2002). Second, Plaintiffs have grossly misstated the delayed discovery rule. As Defendant notes in its Reply, the delayed discovery rule does not provide a plaintiff with an "unlimited" period to file suit. Further, contrary to Plaintiffs' assertion, the delayed discovery rule does not postpone the accrual of a cause of action until a plaintiff *actually* discovers the relevant facts. Instead, the delayed discovery rule provides that a cause of action does not accrue until a plaintiff suspects or *should have suspected* the defendant's wrongdoing. *Kline*, 87 Cal. App. 4th at 1375. Thus, as Defendant has correctly stated, Plaintiffs' claims here began to accrue when Plaintiffs had notice or information of circumstances that would have put a reasonable person on inquiry, or had the opportunity to obtain knowledge from sources open to their investigation. *See Gen. Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1397 (9th Cir. 1991). As such, to invoke the delayed discovery rule, Plaintiffs had to plead facts showing: (1) lack of knowledge; (2) lack of means of obtaining knowledge; and (3) how and when the fraud or mistake was actually discovered. *Id.*

Here, Plaintiffs have not plead *any* facts regarding their purported lack of knowledge, their ignorance of Defendant's alleged fraud, why they lacked the means to discover the alleged fraud, whether they exercised reasonable diligence in investigating the alleged fraud, or when the alleged fraud was actually discovered. More importantly, Plaintiffs' Opposition is also silent in this regard. Indeed, Plaintiffs utterly fail to explain how they will remedy these noted deficiencies by further amending the complaint or why the requisite allegations were missing, despite the fact that Plaintiff have already

6

1 amended their complaint on a prior occasion.[5]

2 Further, even construing the First Amended Complaint in the light most favorable to Plaintiffs, Plaintiffs' theory of fraud is entirely inconsistent with their current attempt to invoke the delayed discovery rule. For example, Plaintiffs have failed to explain why, once the vehicles came into their possession, they did not have any reason to investigate the vehicles for the rear suspension system that Plaintiffs allege *was the very reason they purchased the vehicles in the first place*. Moreover, Plaintiffs do not explain why, if the vehicles were not performing as "one of the world's finest and most reliable vehicles," *see* FAC at ¶ 31, they did not at least suspect that the rear double wishbone suspension system was missing. *See Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 111 (1988) ("So long as suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her.").

Given that Plaintiffs have already amended their complaint at least once, and given the fact that all of the claims alleged in the First Amended Complaint are undisputedly time-barred, and the delayed discovery rule is not appropriately applied to this case, the Court hereby GRANTS Defendant's Motion to Dismiss and DISMISS the First Amended Complaint WITH PREJUDICE.

**B.  Allegations of Fraud**

The Court finds that the First Amended Complaint is also subject to dismissal because it fails to allege fraud with the requisite specificity. When a plaintiff pleads fraud, the circumstances constituting fraud "shall be stated with particularity." Fed. R. Civ. P. 9(b). However, intent, knowledge, and other conditions of mind "may be averred generally." *Id.* To plead fraud with particularity, plaintiffs must specify the "who, what, when, where, and how." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir. 1990)).

Here, Plaintiffs argue that the First Amended Complaint describes, in specific detail, the nature of Honda's alleged misrepresentations about the double wishbone suspension system. However, the only misrepresentation that the First Amended Complaint actually identifies with any particularity is a single advertisement from *1986*, that was published *eleven years* before any of the alleged purchases

---

[5]Instead, Plaintiffs simply request "leave to file an amended complaint to cure this problem."

7

took place, and that describes a car that none of the Plaintiffs actually purchased.[6] *See* FAC at ¶ 8, Ex. D.  As such, it is clear that Plaintiffs have not set forth a single example of an advertisement contemporaneous with their purchases upon which they relied in making their purchases.  *See Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 673 P.2d 660, 673 (Cal. 1983) (holding that plaintiffs need not recall specific advertisements, but should show a representative sample).  This is not sufficient to satisfy the heightened pleading requirements of Rule 9(b).  As such, even if the Court were not dismissing Plaintiffs' claims due to the fact that they are time-barred, the Court would DISMISS the First Amended Complaint pursuant to Rule 9(b).

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss [Docket No. 11] is GRANTED.  The First Amended Complaint is DISMISSED WITH PREJUDICE.  The Clerk is directed to close the file and to terminate any pending matters.

IT IS SO ORDERED.

Dated: 6/19/06

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[6] The advertisement is for the Honda Accord LXi.  FAC at Ex. D.  Each of the Plaintiffs purchased either a Honda Civic or an Acura TL.  FAC at ¶¶ 16-19.

8